IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------X

MARLENA SONN,

        *Plaintiff*,

  v.

KENDALLE P. GETTY, *as Trustee of the Pleiades Trust and as an individual*, KPG INVESTMENTS INC., *as Trustee of the Pleiades Trust*, ALEXANDRA SARAH GETTY, *as Trustee of the Pleiades Trust and as an individual*, ASG INVESTMENTS INC., *as Trustee of the Pleiades Trust*, MINERVA OFFICE MANAGEMENT, INC., and ROBERT L. LEBERMAN,

        *Defendants.*

---------------------------------X

Case No. 1:22-cv-2758-RPK-VMS

**JOINT SUBMISSION IN SUPPORT OF CONSENT MOTION TO TRANSFER VENUE**

Pursuant to this Court's Order dated June 9, 2022, the parties hereby jointly submit the following, concerning the various factors pertinent to the analysis of their pending consent motion to transfer venue of this action:

### 1) Plaintiff's Choice of Forum

*Plaintiff, Marlena Sonn*: Plaintiff Marlena Sonn filed this action in the U.S. District Court for the Eastern District of New York because that is where she works and lives, and because it is the forum that would have been most convenient to her. Meanwhile, Defendants Kendalle P. Getty and KPG Investments filed a related action against Ms. Sonn in Nevada state court, which was properly removed to federal court and is now currently pending before the U.S. District Court for the District of Nevada. *See KPG Investments, Inc. et al v. Sonn*, D. Nev. Case No. 3:22-cv-00236-ART-CLB. Defendants contend that this action should have been filed in Nevada in the first instance, because the corporate entities

that employed Plaintiff are technically incorporated in Reno, Nevada, notwithstanding the fact that Plaintiff only ever visited Reno once throughout the course of her seven-year employment. Plaintiff obviously disagrees, seeing that the vast majority of her job functions were performed from her office in New York and/or her clients homes in California, but sees no point in squabbling with the Defendants over matters relating to either party's preference between two federal courts of equally competent jurisdiction.

While Plaintiff would, of course, have preferred to proceed with her claims in this Court as a matter of convenience, there is nothing that would have prevented her from filing this action in the U.S. District Court for the District of Nevada in the first instance, had she chosen to do so. Plaintiff is confident that the U.S. District Court for the District of Nevada is equally competent to adjudicate this matter and believes that consenting to a transfer of venue is the most cost-efficient route to resolving this litigation on the merits, because it will facilitate the consolidation of both actions while avoiding costly, burdensome, and potentially contentious preliminary motion practice over which forum is best situated to adjudicate her claims. In sum, Plaintiff's choice of forum, at this juncture, is whichever forum will allow for the most efficient adjudication of her claims on the merits.

Accordingly, and in order to avoid protracted litigation over these issues, Plaintiff respectfully submits that the pending request for a transfer of venue to the U.S. District Court for the District of Nevada, to which all parties hereto have consented, is appropriate. *See* 28 U.S.C. § 1404(a) ("a district court may transfer any civil action to any other district… to which all parties have consented").

***Defendants, Kendalle P. Getty and KPG Investments Inc.***: As a threshold matter, Plaintiff's preferred choice of forum is now Nevada, as the most cost-efficient route to resolving this litigation on the merits. Thus, this factor weighs clearly in favor of transfer to Nevada. Defendants Kendalle Getty and KPG fully agree that the instant matter should be transferred to the District of Nevada.

However, to the extent the Court analyzes this factor based on Plaintiff's filing of the instant action in the U.S. District Court for the Eastern District of New York, it is critical to note that Nevada is not merely an alternate venue; Nevada is the sole venue in which Plaintiff's claims could have been brought. The terms of Plaintiff's employment with KPG were governed by a written employment contract (the "Employment Agreement"), executed by Plaintiff and Kendalle Getty (on behalf of KPG, as its sole director) effective November 1, 2015. *See* Exhibit 1. Plaintiff's Employment Agreement contains a forum selection clause, which unambiguously selects Nevada as the exclusive venue and choice of law for disputes arising from Plaintiff's employment. ("Venue for any action under this Agreement shall lie in the Second Judicial District Court for Washoe County, Reno, Nevada." *See* Exhibit 1, ¶ 14. Accordingly, Plaintiff's initial choice of venue would be accorded little weight under the relevant analysis.

In addition to the mandatory forum selection clause, the "first-filed" rule would likewise warrant dismissal of this action in favor of the earlier-filed action between the parties. When more than one court has "concurrent jurisdiction over an action involving the same parties and issues, courts will follow a first-filed rule, whereby the court which first has possession of the action decides it." *Blechman v. Ideal Health, Inc.*, 668 F. Supp. 2d 399, 404 (E.D.N.Y. 2009) (citations omitted). The United States Supreme Court has held the first-filed rule is "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Spotless Enterprises Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 205 (E.D.N.Y. 2006) (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S. Ct. 219, 221, 96 L.Ed. 200 (1952)). The rule "avoids duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue." *Ontel Products, Inc. v. Project Strategies Corp.,* 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995).

If not for the parties' agreement to transfer, it would be appropriate to dismiss this action in favor of the earlier-filed action between the parties styled *KPG Investments Inc., et al. v. Marlena Sonn*, Case No. CV22-00444 (the "Nevada Action"). The Nevada Action, filed in accordance with the applicable forum selection provision, was pending in the Second Judicial District Court for Washoe County, Reno, Nevada at the time Plaintiff Sonn filed the instant action. (Plaintiff Sonn has since removed that action to federal court for the District of Nevada, which Defendants Kendalle Getty and KPG have not opposed on the condition that the parties' dispute will proceed in Nevada.) As the Nevada Action concerns the same subject events related to Plaintiff's employment, the first-filed rule mandates dismissal of the instant action.

If the parties had not jointly agreed to transfer this action, Defendants Kendalle Getty and KPG intended to file a motion to dismiss the Complaint based on the contractual venue provision and the first-filed rule. Fortunately, the parties' agreement to transfer obviates the need to litigate a dispute regarding venue. Defendants Kendalle Getty and KPG bring this information to the Court's attention solely to ensure the Court is aware the parties have numerous legitimate and compelling grounds on which to transfer this action to Nevada. Indeed, in the absence of transfer, dismissal in favor of the Nevada Action would be necessary.

***Defendants, Alexandra Sarah Getty and ASG Investments Inc.***: Defendants, Alexandra Sarah Getty and ASG Investments Inc., agree with the co-defendants' statements .. Similar to KPG Investments, Plaintiff also had an employment agreement with ASG Investments ("ASG Employment Agreement") which provides that "Venue for any action under this Agreement shall lie in the Second Judicial District Court for Washoe County, Reno, Nevada." Exhibit 2, ¶ 14. Thus, this factor weighs in favor of transfer.

***Defendants, Robert L. Leberman and Minerva Office Management, Inc.***: Defendants, Robert L. Leberman and Minerva Office Management, Inc., agree with the

above statement by Defendants Kendalle P. Getty and KPG Investments Inc. and have nothing further to add.

### 2) The Convenience of Witnesses

*Plaintiff, Marlena Sonn*: To the extent that this Court is inclined to consider the convenience of witnesses in connection with the proposed forum as a factor in the venue analysis, the "primary focus [should be] on the convenience of nonparty witnesses." *Int'l Controls & Measurements Corp. v. Honeywell, Int'l, Inc.*, No. 5:12-cv-1766 (LEK/ATB), 2013 U.S. Dist. LEXIS 127860, at *89 (N.D.N.Y. Sept. 9, 2013). At present, any and all non-party witnesses that Plaintiff reasonably anticipates calling in this action are residents of either California, Nevada and/or New York. Although venue in either forum will necessarily be more or less convenient to particular witnesses, the balance of the conveniences does not necessarily seem to favor one venue over another at this juncture.

*Defendants, Kendalle P. Getty and KPG Investments Inc.*: Defendants, Kendalle P. Getty and KPG Investments Inc., agree with Plaintiff that analysis of this factor does not weigh against transfer.

*Defendants, Alexandra Sarah Getty and ASG Investments Inc.*: Defendants, Alexandra Sarah Getty and ASG Investments Inc., agree with co-defendants' statements and note that the gravamen of the Complaint asserts that facts and witnesses are in Nevada or California. Indeed, the Complaint does not allege that any non-party witnesses are domiciled in or around New York.

*Defendants, Robert L. Leberman and Minerva Office Management, Inc.*: In addition to the analyses offered above, Defendants, Robert L. Leberman and Minerva Office Management, Inc. reiterate that Nevada is venue in which the parties chose to do business. The parties and the non-party witnesses involved in this dispute have regularly travelled to

Nevada to conduct the business from which this dispute arises and therefore have found it a sufficiently convenient place to travel since 1995—which predates Plaintiff's involvement. The vast majority of Minerva Office Management, Inc.'s employees are also located in Nevada, and the vast majority of other non-party witnesses are located in either Nevada or California. For those witnesses located in California, Nevada is a far more convenient forum than New York.

### 3) The Location of Relevant Documents

*Plaintiff, Marlena Sonn*: Relevant documents in this action are principally located in California, Nevada and/or New York. "[T]he location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents," however, and does not therefore favor either venue here. *Rindfleisch v. Gentiva Health Systems, Inc.*, 752 F.Supp.2d 246, 258 (E.D.N.Y. 2010).

*Defendants, Kendalle P. Getty and KPG Investments Inc.*: Defendants, Kendalle P. Getty and KPG Investments Inc., agree with Plaintiff that analysis of this factor does not weigh against transfer. However, it should be noted that Plaintiff Sonn was employed by Nevada corporations, strongly suggesting the locus of operative facts and access to sources of proof weigh in favor of transfer to Nevada.

*Defendants, Alexandra Sarah Getty and ASG Investments Inc.*: Defendants, Alexandra Sarah Getty and ASG Investments Inc., agree with the co-defendants' statements and note that Plaintiff's claims for quantum meruit (count 3) and unjust enrichment (count 6) depend on documents that are likely in Nevada.

*Defendants, Robert L. Leberman and Minerva Office Management, Inc.*: In addition to the analyses offered above, Defendants, Robert L. Leberman and Minerva Office Management, Inc. note that all of its records, including accounting and investment

documents, salary records, official filings, financial statements, and similar documents, are located in Nevada.

### 4) The Convenience of Parties

*Plaintiff, Marlena Sonn*: Plaintiff avers that venue in the Eastern District of New York would, of course be more convenient to her, which is why she chose to file her case here. In order to avoid duplicative litigation and costly motion practice over any party's preferred choice of forum, however, the parties have all consented to proceeding with this litigation in the U.S. District Court for the District of Nevada.

*Defendants, Kendalle P. Getty and KPG Investments Inc.*: Defendants, Kendalle P. Getty and KPG Investments Inc. acknowledge that this action proceeding in New York would be more convenient to Plaintiff. However, Nevada is the most convenient forum for Defendants Kendalle Getty and KPG. On that basis, Defendants Kendalle Getty and KPG and Plaintiff agreed to be bound by the mandatory forum selection clause in Plaintiff's Employment Agreement.

*Defendants, Alexandra Sarah Getty and ASG Investments Inc.*: Defendants, Alexandra Sarah Getty and ASG Investments Inc. agree with the co-defendants' statements and note that Plaintiff's Complaint admits to her attending quarterly meetings in Nevada since around 2013 (¶32-33).

*Defendants, Robert L. Leberman and Minerva Office Management, Inc.*: In addition to the analyses above, Defendants, Robert L. Leberman and Minerva Office Management, Inc. reiterate that Mr. Leberman is a Nevada resident, Minerva Office Management, Inc., is a Nevada corporation, and Nevada is venue in which the parties chose to do business. The parties have regularly travelled to Nevada to conduct the business from which this dispute arises and therefore have found it a sufficiently convenient place to travel since

1995.  Nevada is by far the most convenient venue for Robert L. Leberman and Minerva Office Management, Inc.

### 5) The Locus of Operative Facts

*Plaintiff, Marlena Sonn*: The locus of operative facts in this action occurred in California and New York. Nevertheless, Plaintiff consents to a transfer of venue to the District of Nevada as an equally competent and appropriate forum with the requisite jurisdiction to preside over this case, and does so principally to avoid costly, burdensome, and potentially contentious preliminary motion practice over which forum is best situated to adjudicate her claims.

*Defendants, Kendalle P. Getty and KPG Investments Inc.*: Defendants, Kendalle P. Getty and KPG Investments Inc., reiterate that Plaintiff was employed by Nevada corporations, strongly suggesting the locus of operative facts and access to sources of proof weigh in favor of transfer to Nevada.

*Defendants, Alexandra Sarah Getty and ASG Investments Inc.*: Defendants, Alexandra Sarah Getty and ASG Investments Inc., agree with the co-defendants' statements and note that the gravamen of Plaintiff's Complaint asserts facts relating to Nevada and California.  The Complaint does not allege a single cause of action under New York law, but rather, alleges counts under California law and claims regarding her compensation, which fall squarely within the employment agreements under Nevada law.

*Defendants, Robert L. Leberman and Minerva Office Management, Inc.*: Defendants, Robert L. Leberman and Minerva Office Management, Inc. agree with the above statement and have nothing further to add.

6) <u>The Availability of Process to Compel the Attendance of Unwilling Witnesses</u>

*Plaintiff, Marlena Sonn*: At present, Plaintiff does not anticipate that any unwilling witness will need to be compelled to testify, or that any barrier exists that would prevent an unwilling non-party witness from being compelled to testify by the U.S. District Court for the District of Nevada. Therefore, venue in the U.S. District Court for the District of Nevada does not appear to present any foreseeable challenge to compelling the attendance of any unwilling witness.

*Defendants, Kendalle P. Getty and KPG Investments Inc.*: Defendants, Kendalle P. Getty and KPG Investments Inc. submit that the principal witnesses to this dispute are likely to be parties or their representatives. Defendants further agree with Plaintiff that the U.S. District Court for the District of Nevada will have sufficient process to compel the attendance of necessary witnesses.

*Defendants, Alexandra Sarah Getty and ASG Investments Inc.*: Defendants, Alexandra Sarah Getty and ASG Investments Inc. agree with the co-defendants' statements and have nothing further to add.

*Defendants, Robert L. Leberman and Minerva Office Management, Inc.*: Defendants, Robert L. Leberman and Minerva Office Management, Inc. agree with the above statement and have nothing further to add.

7) <u>The Relative Means of the Parties</u>

*Plaintiff, Marlena Sonn*: The relative means of the parties is a considerably important factor in this litigation and has certainly factored into Plaintiff's decision to consent to a transfer of venue. As alleged in the Complaint, the Defendants Kendalle and Alexandra Sarah Getty are the extraordinarily wealthy heirs of J. Paul Getty, and Plaintiff Marlena Sonn is their former employee. In other words, Defendants have unlimited

resources to drive up the costs of this litigation and have made clear that they will do so, in part, by pursuing collateral litigation in Nevada state court if the parties cannot simply agree to consolidate all claims, counterclaims and affirmative defenses to this action in a single forum, in the U.S. District Court for the District of Nevada.

In the absence of an agreement among the parties as to a particular forum, Plaintiff anticipates that the instant case will be tied up in preliminary motions challenging her preferred choice of venue, among other things, which would only serve to drive up the costs of this litigation and delay the adjudication of her claims on the merits—potentially, while also having to defend against the baseless anticipatory lawsuit that Defendant Kendalle P. Getty filed against her in Nevada state court.

Based on the foregoing, Plaintiff views the prospect of proceeding with all claims and counterclaims related to this litigation in the U.S. District Court for the District of Nevada as a reasonable compromise that will allow for the most efficient adjudication of all parties' claims on the merits in a single forum.

***Defendants, Kendalle P. Getty and KPG Investments Inc.***: Defendants, Kendalle P. Getty and KPG Investments Inc., disagree with any notion that they seek to drive up litigation costs.  If Defendants were forced to file a motion to dismiss this action based on the forum selection clause or the first-filed rule, it would be for the purpose of appropriately protecting their contractual rights.  Defendants further submit that the relative means of the parties does not significantly affect the litigation.  Plaintiff is an experienced financial advisor to wealthy individuals and entities, and has the means and access to counsel and resources to litigate this action, whether in Nevada or New York.  Further, Nevada courts regularly permit and encourage remote appearances by counsel, alleviating any practical or financial difficulties with proceeding in Nevada.  Defendants agree with Plaintiff that analysis of this factor does not weigh against transfer.

***Defendants, Alexandra Sarah Getty and ASG Investments Inc.***: Defendants, Alexandra Sarah Getty and ASG Investments Inc., agree with the co-defendants' statements and have nothing further to add.

***Defendants, Robert L. Leberman and Minerva Office Management, Inc.***: Defendants, Robert L. Leberman and Minerva Office Management, Inc. agree with the above statement by Defendants Kendalle P. Getty and KPG Investments Inc. and have nothing further to add.

\* \* \*

For these reasons, it is respectfully submitted that a transfer of venue to the U.S. District Court for the District of Nevada is proper and well within the scope of this Court's authority to transfer the action "to any other district… to which all parties have consented," 28 U.S.C. § 1404(a).

| | |
|---|---|
| Dated: June 21, 2022<br>New York, NY | POLLOCK COHEN LLP<br>*Counsel for Plaintiff, Marlena Sonn*<br><br>By:  /s/ Agatha M. Cole<br>Agatha M. Cole<br>60 Broad Street, 24th Floor<br>New York, NY 10004<br>Tel: (646) 290-8261<br>Email: acole@pollockcohen.com<br><br>PATTERSON BELKNAP WEBB & TYLER LLP<br>*Counsel for Defendants, Kendalle P. Getty and KPG Investments Inc.* |

By: */s/ Lisa E. Cleary*
Lisa E. Cleary
1133 Avenue of the Americas
New York, NY 10036
Tel: (212) 336-2159
Email: lecleary@pbwt.com

PAUL HASTINGS LLP
*Counsel for Defendants, Alexandra Sarah Getty and ASG Investments Inc.*

By: */s/ Matthew Aibel*
Matthew Aibel
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000
Email: matthewaibel@paulhastings.com

SLARSKEY LLC
*Counsel for Defendants, Minerva Office Management, Inc., and Robert L. Leberman*

By: */s/ David Slarskey*
David Slarskey
420 Lexington Avenue
Suite 2525
New York, NY  10170
Tel: (212) 658-0661
Email: dslarskey@slarskey.com