UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X
MARLENA SONN, Plaintiff,

v.

KENDALLE P. GETTY, et al., Defendant.
------------------------------X

22-CV-2758 (RPK)(VMS)

June 29, 2022
Brooklyn, New York

TRANSCRIPT OF CIVIL CAUSE FOR MOTION
BEFORE THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff: AGATHA COLE, ESQ.
Pollock Cohen LLP
60 Broad St, 24th Floor
New York, NY 10004

For the Defendant: MARK GUNDERSON, ESQ.
3895 Warren Way
Reno, NV 89509

LISA CLEARY, ESQ.
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036

MATTHEW AIBEL, ESQ.
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

Court Transcriber: ARIA SERVICES, INC.
c/o Elizabeth Barron
274 Hovey Road
Milo, ME 04463
Aria@leinen.net

Proceedings recorded by electronic sound recording, transcript produced by transcription service

THE COURT: This case is Sonn v. Getty, 22-CV-2758.

Let's start with counsel's appearances. Let's get plaintiff's counsel's appearance.

MS. COLE: Good afternoon. This is Agatha Cole with Pollock Cohen LLP for Ms. Marlena Sonn. Also on the line we have our legal analyst, Julia Huesa.

THE COURT: How do you spell her last name?

MS. COLE: H-u-e-s-a.

THE COURT: And for defendants?

MR. GUNDERSON: Mark Gunderson, Austin Sweet, and David Staley (ph) for Minerva Management, Inc. and Robert Leberman.

THE COURT: Okay. And other defense counsel?

MS. CLEARY: Lisa Cleary and Hannah Brudney (ph) from Patterson Belknap Webb & Tyler, LLP, for Kendalle Getty as trustee of the Pleiades Trust, and KPG Investments, Inc. as trustee of the Pleiades Trust.

THE COURT: Okay. Did you file a notice of appearance?

MS. CLEARY: We may not have, your Honor.

THE COURT: Okay.

MS. CLEARY: But we can do so immediately after the call.

THE COURT: Okay. And then anyone else for the defense?

MR. AIBEL: Yes, Matthew Aibel and Paul Hastings of Alexandra Getty and ASG Investments.

THE COURT: Okay. So we have your -- did somebody join us? Does someone need to make an appearance? No, all right.

So we have the joint motion to support the transfer, and I had some questions and if you think there's any other information that I should have, I'm happy to hear it. Sorry, I'm working from home today. It's a little slow on the computer so just give me a second. It may be obvious from the questions. Mostly, they're for the plaintiff but if anybody has other information you want to let me know, you can.

So it seems that for the plaintiff, you have both California claims and then Nevada claims. There's some common-law claims. Under what state law are they brought?

MS. COLE: Well, I think that that is somewhat up for debate and kind of part of the controversy. To explain what I mean, I guess I would kind of start by saying this is an employment dispute against Ms. Sonn's former employers for unlawful retaliation in violation of California law and for

breach of contract as well. Ms. Sonn brought this case in the Eastern District of New York because that is where she lives and works and it is where she lived and worked when she was employed by the defendants.

The defendants -- they can speak for themselves but my understanding at least is that they claim that they're all Nevada domiciliaries or residents or Nevada corporations. We don't dispute that some of the corporate entities are in fact incorporated in the State of Nevada, but our view of the case is that the corporation in Reno, Nevada is just sort of a legal fiction that's designed to provide essentially a tax haven for the Getty Trust. And seeing that Ms. Sonn never even visited the Reno office except for once throughout her entire seven-year tenure with the defendants, our view is that the contract should be interpreted in accordance with New York law.

That being said, I think that these choice of law issues can be decided separately and apart from the question of venue. Our understanding with respect to venue and jurisdiction is that the defendants are pretty insistent that this should be litigated in the District of Nevada or Nevada state court, and we have come to an agreement that if everyone will agree to litigate all claims in the District of Nevada, we can

avoid duplicative litigation, we can avoid -- as you probably already know, as has been briefed, one of the defendants, Kendalle Getty, has filed what we view as a retaliatory lawsuit in state court in Nevada. That has already been removed to Nevada federal district court.

But I think at this point, the one thing that the plaintiff, Ms. Sonn, really wants to avoid is a situation where she would be litigating in two different jurisdictions at the same time, at tremendous expense. I think that that would disadvantage her and to some extent the defendants as well, so we've kind of come to this agreement that, you know, let's litigate all claims and counterclaims in the same proceedings in the District of Nevada. Hopefully, that will enure to everyone's benefit. Does that answer the question? I know that was a very long-winded answer.

THE COURT: Not really. It's more like your opening statement. Is there a choice of law that the plaintiff has made with regard to under which state's common law she's bringing the common law claims which are in the complaint?

MS. COLE: Yes. Our view is that New York law should govern the contract claims and California law should govern the statutory claims.

THE COURT: Then with regard to the contract

claims, for the contracts that she's claiming are breached, is it right that they all have the Nevada forum selection clause that you reference?

MS. COLE: No, they do not.

THE COURT: So which ones --

MS. COLE: The original employment contract entered into at the very beginning of the relationship has a Nevada choice of law forum. None of the subsequent contracts with respect to her compensation incentive have any choice of forum or choice of law clauses. Those are really, in our view, the contracts that are at issue here.

THE COURT: Okay. Just to have the time line right, when was the Nevada state court action filed?

MS. COLE: The Nevada state court action -- let me pull it up. The Nevada state court action was filed back in -- the complaint in that case is dated March 16th, 2022. But I would just add that to the extent your Honor is asking about the dates in terms of which action is a previously-filed action, our view, based on our research and review of the case law, is that this is a case that was filed in direct response to our reaching out to defendants' counsel to initiate settlement negotiations on the breach of contract claim

and retaliation claim. They went and filed this in the state court of Nevada knowing that we were going to file an action in New York if the settlement negotiations didn't go the way -- didn't resolve the matter.

There's a lot of case law out there that indicates that this sort of litigation tactic is -- this kind of anticipatory filing of litigation does not count as the first-filed action, particularly in cases like this one, where the claims in the first-file action are essentially just defenses to a breach of contract action that had been raised in an affirmative complaint, in an attempt to kind of rob the more natural plaintiff of their choice of venue. That being said, that would be our argument if we were going to contest or dispute these venue issues.

But, again, I think the parties have ultimately decided that it would be in all of our interests to proceed in the District of Nevada precisely because we don't want to be in the position of litigating jurisdictional and venue issues in the Eastern District of New York when one federal court or another doesn't make all that much of a difference since the Court can apply whatever law the judge feels is appropriate.

THE COURT: So you're anticipating what my substantive question is, right? The theme here is, we can't be spending the time and the money litigating these venue issues. You're just going to litigate in Nevada, even though we should be in New York. My question is, is there a reason other than the effort it would take that the cases are being transferred from Nevada to here?

MS. COLE: Yeah. I think to avoid litigation, like you said, but also to avoid duplicative litigation, meaning that if this Court will not transfer this action to the District of Nevada and the District of Nevada will not transfer that action here, then we're going to be forced to litigate in both forums. I think that the District of Nevada would probably transfer that action to the Eastern District of New York if the Eastern District of New York declines to initiate the transfer of venue. But my understanding is that defendants would contest that, and I think it would be a waste of time and plaintiff's resources to get into a dispute over that. But if your Honor is inclined to retain venue and jurisdiction over the case, we can deal with it accordingly.

THE COURT: Is there any motion practice in the District of Nevada with regard to the case moving

here?

MS. COLE: No, there is not.

THE COURT: Okay. Anything else on the plaintiff's side?

MS. COLE: No, thank you.

THE COURT: Defendants, you can do it in any order you like. Those are my questions to just clarify what the record is. If you want to comment on what plaintiff said or if there's something you want to emphasize, I'm happy to hear it. Let's just do it in order of the defendants.

Ms. Cleary, your clients are listed first, and then Mr. Aibel, and then for Minerva, whoever wants to speak. Go ahead.

MS. CLEARY: Thank you, your Honor. I would like to clarify a couple of factual matters. The employment agreement that Ms. Sonn signed with our clients, Kendalle Getty and KPG Investments, Inc., does have a choice of law and a choice of forum, with the choice of forum saying that venue for any action under this agreement shall lie in the second judicial district court for Washoe County, Reno, Nevada. We further understand that both of the incentive letters, the incentive letter from October of 2017 and March of 2021 contain choice of law provisions stating, this

letter will be governed by the laws of the State of Nevada, without giving effect to principles or provisions thereof relating to conflicts or choice of law.

With respect to the filings, we do agree that our client's local counsel in Nevada did file a complaint in Washoe County on March 16th, 2022 and the same day filed a motion to seal in that same contract. Plaintiff Marlena Sonn waited until May 11th, 2022, nearly two months after Kendalle Getty and KPG Investments had filed their complaint to file an action in the Eastern District of New York.

THE COURT: Do you agree that the filing came after plaintiff's counsel reached out to try to initiate negotiations?

MS. CLEARY: It is my recollection actually that we reached out to discuss -- meaning on behalf of Ms. Getty and KPG Investments -- to discuss settlement and that plaintiff agreed to do so. So it was our clients who initiated the settlement discussions, not Ms. Sonn.

MS. COLE: I'm sorry to interrupt but I just completely disagree with that characterization and I'm happy to provide documentation to the contrary if necessary.

THE COURT: Let me ask defendants' counsel one other point. You made the point that the venue provision in some of the documents is for Washoe County. Does it matter that the case has been removed so that actual -- to the extent that's a reference to state courts, this case is not going to proceed in state court in Nevada, at least under its current setup. So what weight does one attribute to the forum selection when the forum selection -- sorry, where the forum selected is not the forum where this case will be heard?

MS. CLEARY: I think that the fact that it's been removed by plaintiff to federal court is not dispositive because the anticipated laws to be considered were laws of the State of Nevada, and the federal courts in Nevada have much greater experience dealing with the local state laws of Nevada than the courts in New York would.

THE COURT: What about plaintiff's point that there are two, possibly three states whose laws are irrelevant, California for statutory claims, Nevada for some of the claims, and possibly New York, and there would be a choice of law analysis. It depends on what these documents say but plaintiff is saying at least two, maybe three states' laws are in play.

MS. CLEARY: The gravamen of her complaint is that she's owed money under the incentive award letters and pursuant to the employment arrangement that she had, and that's going to be the focus of the discovery in the matter. We feel confident that a Nevada federal court could deal with the California tax rules given that it's adjacent to Nevada.

THE COURT: Anything else for your clients?

MS. CLEARY: I guess we would also just say that New York law really has no relevance to the issues relating to her employment relationship with our client and therefore, the focus should really be on Nevada law in connection with this dispute.

THE COURT: For Alexandra Getty and ASG Investments, anything you would like to add or emphasize?

MR. AIBEL: Thank you, your Honor. I would just note that ASG Investments has essentially similar agreements with the same governing law and choice of law provisions, as well as that being stated in the incentive award letters. I realize, your Honor, it was an omission on the parties' parts in not providing those as exhibits, so I'm happy to, after the call, file anything on ECF or send to your chambers if you'd like to see those documents, but we are accurately

representing their contents in so far as we're stating that they are -- (ui) laws of Nevada.

THE COURT: This is for the plaintiff. Do you disagree with what counsel said about the provisions in the documents?

MS. COLE: I do not. There is -- I have the incentive letter in front of me now and I do see a sentence at the very end of the general terms that says that this letter will be governed by the State of Nevada. I apologize for that omission or misunderstanding earlier. However -- I'll leave it at that.

THE COURT: Anything else for ASG and the individual client?

MR. AIBEL: No, thank you, your Honor.

THE COURT: And then for Minerva and Mr. Leberman?

MR. GUNDERSON: Yes, your Honor. This is Mark Gunderson on behalf of Minerva Office Management and Robert Leberman. Neither of my two clients have any contact with or relationship with Ms. Sonn or with the State of New York. It's all Nevada locus. The offices, the employment agreements that Minerva has, Mr. Leberman are all residents of the State of Nevada and have no relationship to or interest in litigating

this case in the State of New York.

THE COURT: Okay, all right. Anything else from the plaintiff?

MS. COLE: That's all, your Honor.

THE COURT: All right. I don't think we need the documents unless somebody feels like there's an open question here on the inclusion of Nevada-related provision in some of the documents. Anybody? Okay. All right. Anything else anybody wants to add to the record.

All right, that's all. Thank you for answering my questions. We will review the papers and the transcript and issue a decision. All right, thank you. Take care, everybody.

* * * * * * *

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

ELIZABETH BARRON July 6, 2022