UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MARLENA SONN,              :
                           :
              Plaintiff,   :
                           :                    **ORDER**
         -against-         :               22 Civ. 2758 (RPK) (VMS)
                           :
KENDALLE P. GETTY, as Trustee of the  :
Pleaides Trust and as an Individual, et al.,  :
                           :
              Defendants.  :
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

Before the Court is the parties' motion stipulating to the action's transfer to the District of Nevada, referred by the Honorable Rachel P. Kovner. See ECF No. 13; Dkt. Entry 6/3/2022. This is a motion that may be decided by the magistrate judge. See Glover v. Goord, No. 06 Civ. 1037 (LEK) (DEP), 2007 WL 2454193, at *5 n.4 (N.D.N.Y. Aug. 22, 2007) (collecting cases finding that a transfer motion is a non-dispositive matter subject to resolution by a magistrate judge). Based on the record and the parties' arguments and for the reasons stated below, the Court grants the application for the convenience of the parties and witnesses and in the interest of justice. See ECF Nos. 1, 13, 18; Dkt. Entry 6/29/2022; ECF No. 23.

As relevant here, Plaintiff's counsel communicated with Defendants' representatives to discuss Plaintiff's concerns arising from her employment. Thereafter, in March 2022, two of the named Defendants in this action commenced a lawsuit against Plaintiff in Nevada state court with claims arising from her employment. Plaintiff later removed that suit to the United States District Court for the District of Nevada. See ECF No. 1 ¶¶ 133-136; ECF No. 18; ECF No. 23 at 4:23-5:16, 6:16-5, 10:5-12; KPG Investments Inc., et al., v. Sonn, No. 22 Civ. 236 (ART) (CLB), Docket No. 1 (D. Nev. May 26, 2022). In May 2022, Plaintiff commenced the instant

1

diversity action in this District alleging that, after she raised concerns regarding Defendants' alleged use of Nevada as a tax haven, Defendants wrongfully terminated her employment in violation of the anti-retaliation provisions of California's whistleblower statute.  See ECF No. 1 ¶¶ 69-76, 137-169.  Plaintiff's allegations also include contract claims premised on agreements which contain Nevada forum-selection and choice-of-law provisions.  See ECF No. 23 at 6:6-12, 9:15-10:4, 11:12-25, 12:17-13:2, 13:6-10.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).  The presence of a forum-selection clause may be a significant factor in the analysis.  See Stewart Org., 487 U.S. at 29. "In the typical case not involving a forum-selection clause, a district court considering a § 1404 motion . . . must evaluate both the convenience of the parties and various public-interest considerations." Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas, 571 U.S. 49, 62 (2013).  District courts have broad discretion in this regard, and have considered factors such as (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.  See Gottlieb v. U.S. Secs. Exch. Comm'n, 723 F. App'x 17, 19 (2d Cir. 2018) (citing D.H. Blair & Co., Inc. v.

Gottdiener, 462 F.3d 95, 105 (2d Cir. 2006)); Red Bull Assocs. v. Best Western Intern., Inc., 862 F.2d 963, 967 (2d Cir. 1988).

      Defendants take the position that Nevada is the only proper forum for Plaintiff's action and would litigate to transfer the action there. See ECF No. 18 ¶ 1. Plaintiff, who lives and has worked in this District such that she believes she could litigate here, has contract claims involving Nevada choice-of-forum and choice-of-law provisions. See ECF No. 18 ¶ 1; ECF No. 23 at 6:6-12, 9:15-10:4, 11:12-25, 12:17-13:2, 13:6-10. Plaintiff agrees that she could have filed the action in the District of Nevada. See ECF No. 18 ¶ 1. In light of the first-filed removed lawsuit pending against her there (although subject to dispute as to whether its filing was anticipatory or retaliatory), Plaintiff believes that this action's transfer to Nevada would avoid duplicative and burdensome litigation in two forums. See ECF No. 1 ¶ 3; ECF No. 18 ¶ 1; ECF No. 23 at 4:23-5:16, 7:6-16. Plaintiff stipulates to transfer to the District of Nevada to avoid the possibility of burdensome motion practice. See ECF No. 13; ECF No. 18 ¶ 1; ECF No. 23 at 4:23-5:16, 7:17-25, 8:9-23, 13:18-14:1. Based upon the parties' representations pertaining to other transfer factors regarding party and witness convenience, ease of discovery, the locus of operative facts and the parties' relative means, the Court finds that they either favor transfer or at least do not weigh against it. The District of Nevada would be a convenient venue for many of the parties and witnesses. See ECF No. 18 ¶¶ 2, 4; ECF No. 23 at 13:18-14:1. The parties met and conducted operations in Nevada in connection with Plaintiff's allegations. See ECF No. 1, passim; id. ¶¶ 3, 8, 69-76; ECF No. 18 ¶¶ 2, 5, 7; ECF No. 23 at 4:13-16. Defendant corporations were formed and had operations in Nevada. See ECF No. 1 ¶¶ 5, 7-8; ECF No. 18 ¶ 1; ECF No. 23 at 4:5-10. Certain Defendants maintain some or most relevant documents there. See ECF No. 18 ¶ 3; ECF No. 23 at 13:18-14:1.

Viewing all factors collectively, the action's transfer to the District of Nevada would promote judicial economy and the interests of justice and would assist the parties and witnesses. The stipulation to transfer venue appearing at ECF No. 13 is so-ordered. The Clerk of Court is respectfully directed to transfer this case to the United States District Court for the District of Nevada. The provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day stay of an order transferring venue, is waived in light of the parties' stipulation to the transfer of venue. Upon the transfer of the case, the Clerk of Court is respectfully directed to mark this case as closed.

This Court does not express a view as to whether this transfer case and the previously removed Nevada action should be consolidated.

Dated: Brooklyn, New York
July 8, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge